## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TRUSTEES OF THE MICHIGAN REGIONAL
COUNCIL OF CARPENTERS EMPLOYEE
BENEFITS FUND; TRUSTEES OF THE
MILLWRIGHTS LOCAL 1102 VACATION
FUND; TRUSTEES OF THE MICHIGAN
CARPENTERS PENSION FUND; TRUSTEES
OF THE MILLWRIGHTS' LOCAL NO. 1102
SUPPLEMENTAL       PENSION       FUND;
TRUSTEES OF THE MILLWRIGHTS' LOCAL
NO.    1102    APPRENTICESHIP    FUND;
TRUSTEES OF THE UBC CARPENTERS
INTERNATIONAL     TRAINING     FUND;
TRUSTEES OF THE UBC MILLWRIGHT
LABOR-MANAGEMENT          INDUSTRY
PROMOTION FUND; TRUSTEES OF THE
WESTERN   MICHIGAN   CONTRACTORS
ASSOCIATION INDUSTRIAL PROMOTION
FUND; and MILLWRIGHTS' LOCAL UNION
NO. 1102 of the MICHIGAN REGIONAL
COUNCIL OF CARPENTERS,

                    Plaintiffs,

                                                      Case No.

vs.                                                        Hon.

PRO SERVICES, INC., a Michigan Corporation,

                    Defendant.

_____/

### COMPLAINT

Plaintiffs complain against Defendant as follows:

1.      Plaintiffs, Trustees of the Michigan Regional Council of Carpenters Employee

Benefits Fund, successor in interest to the Millwrights Local 1102 Health and Welfare Fund;

Trustees of the Millwrights Local 1102 Vacation Fund; Trustees of the Michigan Carpenters

Pension Fund; Trustees of the Millwrights' Local No. 1102 Supplemental Pension Fund;

Trustees of the Millwrights' Local No. 1102 Apprenticeship Fund; Trustees of the UBC

Carpenters International Training Fund; Trustees of the UBC Millwright Labor-Management Industry Promotion Fund; and Trustees of the Western Michigan Contractors Association Industrial Promotion Fund (collectively "the Funds") are each a jointly-trusteed fund established pursuant to Section 302 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. Section 186 and Section 302 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Sections 1132 and 1145, and bring this action through their respective Trustees, on behalf of themselves, and their individual participants.

2. The Millwrights Local Union No. 1102 of the Michigan Regional Council of Carpenters, AFL-CIO ("the Union") is a labor organization, as defined in Section 451 of the National Labor Relations Act, 29 U.S.C. § 152 (5), with its principal place of business located at 23401 Mound Road, Warren, Michigan 48091.

3. Upon information, knowledge and belief, Defendant Pro Services, Inc. (hereinafter referred to as "the Employer") is a Michigan corporation, with its principal place of business located at 8132 Merchant Place, Portage, MI 49002 and its corporate identification number is 800583658.

4. Jurisdiction of this Court is founded on Section 301(a) of the LMRA, as amended, 29 U.S.C. Section 185(a) and Sections 502 and 515 of ERISA, 29 U.S.C. Section 1132 and 1145, as amended by the Multiemployer Pension Plan Amendment Act of 1980 ("MPPAA") and Federal common law. This Court also has supplemental jurisdiction of any state-law claims ancillary to the relief sought herein.

## COUNT I
## ERISA: DELINQUENT CONTRIBUTIONS

5. Plaintiffs hereby re-allege and incorporate the allegations of Paragraphs 1 through 4 of their Complaint as fully set forth herein.

-2-

6.       Section 515 of ERISA provides that "every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

7.       Section 502 of ERISA provides a federal forum for enforcement of the various duties imposed by ERISA, including, but not limited to, allowance of a lawsuit to enjoin any act which violates ERISA or to obtain other appropriate legal and equitable relief.

8.       Pursuant to the collective bargaining agreement (hereinafter "CBA") between Employer and the Union, Employer agreed to make employee fringe benefit contributions and assessments to the Funds for each employee covered by the collective bargaining agreement, which are individuals in the appropriate bargaining unit who perform covered work ("Employees"), and to be bound by the terms and conditions set forth in the Funds' Trust Agreements (the "Trust Agreements").  Defendants have copies of all records within their files; notwithstanding, Plaintiffs have attached a copy of the signature page of the collective bargaining agreement as **Exhibit 1.**

9.       The Funds are third-party beneficiaries of the parties' collective bargaining agreement.

10.       Employer has violated both its contractual and statutory obligations by failing to make all of the fringe benefit contributions and assessments due on behalf of each Employee covered by the collective bargaining agreement and as incorporated in same, the relevant Trust Agreements.

11.     As a result of Employer's violations of its contractual and statutory obligations, Employer has violated ERISA, the collective bargaining agreement and the relevant Trust Agreements.

12.     Plaintiffs are entitled to all remedies under ERISA, including, but not limited to, payment of fringe benefit contributions owed, audit assessments, liquidated damages, attorneys' fees and costs.

13.     At all relevant times, Employer was bound to the parties' collective bargaining agreement, which includes, but is not limited to, the time period of January 2013 to the present.

14.     The Funds have been damaged in an amount as found due by August 17, 2018 audit in the amount of $3,533,648.37 covering the work months of January 2013 through March 2016 (see attached **Exhibit 2**).

WHEREFORE, Plaintiffs request that the Honorable Court grant the following relief:

a.     Enter a judgment in the Plaintiffs' favor against Employer, in the amount of at least $3,533,648.37, together with any accumulated interest thereon, actual attorney fees, court costs, audit and other collection costs and other sums as may become due or discovered to be due the Funds during the pendency of this action;

b.     Order an updated audit of the Employer to determine any additional amount due the Plaintiffs;

c.     That jurisdiction of this matter be retained pending compliance with the Court's orders; and

d.     Any such other, further or different relief as may be just and equitable under the circumstances.

Respectfully submitted,

NOVARA TESIJA & CATENACCI, P.L.L.C.


By: /s/Bryan M. Beckerman
Bryan M. Beckerman (P51925)
David Malinowski (P72076)
Attorneys for Plaintiffs
2000 Town Center, Ste. 2370
Southfield, MI  48075-1314
(248) 354-0380
bmb@ntclaw.com


Dated:  November 20, 2018